UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                            **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 1:24-CV-P14-JHM**

**JOEY WRIGHT** *et al.*                                                       **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Versace Alan Scott brought this *pro se* prisoner action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

**I. ALLEGATIONS**

Plaintiff sues Joey Wright and Deputy Lynch, identified as deputy sheriffs of the Logan County Sheriff Department, and Stephen Stratton, the Logan County Sheriff. He sues all Defendants in their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On October 13th 2022 I was ran over with the intent to kill me by 2 detective of the Logan County Sherrif Department. I reported this to Stephen Stratton and Deputy Lynch and Joey Wright and the Attorney General in Frankfort and the Louisville KY FBI headquarters where I'm from. I'm sueing these 2 deputys and the sheriff for leaving them on the force and not supending them upon investigation like there suppose to and Stephen Stratton negelence to do that led to a year later on August 19th 2023 I was kidnapped by another one of his deputys so I was brought to jail and booked since 8-19-23 to present time on fake charges and was handcuffed and beaten and was tied in a restraint chair and was cut to the bone with a knive 7 times to the bone and was never take to receive any medical treatment. So I'm sueing for the second attempted murder his negligence caused and 3rd time wrongful imprisonment where 2 of his deputys booked me on fake charges sueing for police misconduct and retalliation on a witness accessive force police brutality then Stephen Stratton when I was in the mental hospital he slandered my name embarrassment to the public when I called to report info on the case he to the nurses to tell me stop harrassing the police and reporting his deputys to him is far from harrassing the police so I was slandered and embarrassed in public.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. § 1983 claims

#### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, Logan County. *Id.* at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and

(3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the actions taken against him occurred pursuant to a policy or custom of Logan County. He alleges actions affecting only him. Accordingly, his official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-capacity claims

To state a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at

421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff sues Defendants based on the actions of other officers in allegedly attempting to kill him and later wrongfully imprisoning him. He also states that he is suing Defendants "for leaving [the other officers] on the force and not supending them upon investigation like there suppose to." Plaintiff alleges no personal involvement on the part of Defendants in violating his rights. His claims are based on Defendants' supervisory authority over others, which is insufficient to state a § 1983 claim. *Monell*, 436 U.S. at 691.

Moreover, Plaintiff's claims based Defendants' failure to investigate the actions of others fail to state a constitutional violation because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citation omitted); *Anderson v. Memphis Union Mission*, No. 2:22-CV-02402-TLP-ATC, 2023 U.S. Dist. LEXIS 40424, at *22 (W.D. Tenn. Jan. 21, 2023) ("[T]he decision to conduct the investigations requested by [the plaintiff] is left to the discretion of the governmental entities."); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).

For these reasons, Plaintiff's individual-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. State-law claims

Plaintiff also alleges state-law claims for negligence and slander. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 17, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010